1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT CASTAÑEDA,                          No.  2:14-cv-02014 GEB DAD P

12                 Petitioner,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   ERIC ARNOLD, Warden,

15                 Respondent.

16

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   under 28 U.S.C. § 2254.  Petitioner challenges his 2001 judgment of conviction for attempted

19   murder.  Respondent now moves, first, to dismiss the pending federal habeas petition as time-

20   barred, and second, to dismiss petitioner's fourth claim for habeas relief for failure to state a

21   claim.

22          After carefully reviewing the record, the undersigned recommends that respondent's

23   motion be granted in its entirety.

24   I.  Procedural History

25          The procedural history set forth below is derived from documents attached as exhibits to

26   the petition for writ of habeas corpus (ECF No. 1 at 28-43), and documents lodged with the court

27   by respondent (see ECF No. 11).

28   /////

1

1       On April 20, 2001, a Sacramento County Superior Court jury found petitioner guilty of

2  attempted murder, in violation of California Penal Code §§ 187(a) and 664.  The jury also found

3  that petitioner personally inflicted great bodily injury on another person within the meaning of

4  California Penal Code § 12022.7(a), and that he intentionally and personally discharged a firearm

5  and proximately caused great bodily injury to another person within the meaning of California

6  Penal Code § 12022.53(d).  Petitioner was sentenced to a term of life in prison, with the

7  possibility of parole, and also sentenced to a consecutive term of 25 years to life in prison.  (Lod.

8  Doc. No. 1.)  At the time that the charged incident took place, petitioner was only 16 years old.

9  (Lod. Doc. No. 2.)

10      Petitioner timely filed a direct appeal of his conviction.  On May 28, 2002, the California

11  Court of Appeal for the Third Appellate District affirmed his judgment of conviction.  (Lod. Doc.

12  No. 2).  On August 14, 2002, the California Supreme Court denied his petition for review.  (Lod.

13  Doc. No. 4.)  On September 29, 2004, petitioner filed a petition for writ of habeas corpus in the

14  California Supreme Court.  (Lod. Doc. No. 5.)  On August 17, 2005, that petition was summarily

15  denied.  (Lod. Doc. No. 6.)

16      Petitioner then filed two successive habeas petitions with the Sacramento County Superior

17  Court, first on October 5, 2007, and then on February 15, 2008  (Lod. Doc Nos. 7, 9.)  Both of

18  these petitions were denied.  (Lod. Doc. Nos. 8, 10.)  On December 27, 2013, plaintiff filed

19  another petition for writ of habeas corpus with the Sacramento County Superior Court, raising

20  claims identical to his first, second, and third claims presented in these federal habeas

21  proceedings.  (Lod. Doc. No. 11.)  On February 18, 2014, the Sacramento County Superior Court

22  denied that petition.  (ECF No. 1 at 28-31; Lod. Doc. No. 12.)   Petitioner subsequently filed

23  habeas petitions with the state appellate courts.  (Lod. Doc. Nos. 13, 15.)  On April 24, 2014, the

24  California Court of Appeal for the Third Appellate District summarily denied petitioner's

25  application for habeas relief and, on July 9, 2014, the California Supreme Court followed suit.

26  (ECF No. 1 at 32-34.)

27      On April 11, 2014, petitioner filed a petition for writ of habeas corpus with this court.

28  Petitioner seeks federal habeas relief on the grounds that his rights under the U.S. Constitution

1    were violated by:  (i) the giving of an improper jury instruction at his trial; (ii) the ineffective

2    assistance provided by his trial counsel; (iii) the ineffective assistance provided by his appellate

3    counsel; and (iv) the improper denial by the state court of an earlier habeas petition filed by him.

4         Respondent now moves to dismiss (i) the petition as time-barred, and (ii) petitioner's

5    fourth ground as failing to state a basis for federal habeas relief.  (ECF No. 12.)  Petitioner has

6    filed an opposition to the motion.  (ECF No. 14.)  Respondent did not file a reply.

7    II.  Standards

8         A.  Standard re: Motion to Dismiss

9         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

10   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

11   petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

12   Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under

13   Rule 4 of the Rules Governing § 2254 Cases.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th

14   Cir. 1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

15   authority under Rule 4.

16        In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition]

17   as true and construe the pleadings in the light most favorable to the non-moving party."  Fayer v.

18   Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins.

19   Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading are "part of

20   the pleading for all purposes . . . ."  Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F. 3d 1114,

21   1123 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

22        B.  AEDPA Statute of Limitations and Tolling

23        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996

24   ("AEDPA") was signed into law.  AEDPA amended 28 U.S.C. § 2244 by adding the following

25   provision:

26             (d)(1)  A 1-year period of limitation shall apply to an application
               for a writ of habeas corpus by a person in custody pursuant to the
27             judgment of a State court.  The limitation period shall run from the
               latest of –
28

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). However, state prisoners "whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions."  Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.1997).  See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("Because Waldron-Ramsey's state conviction was finalized before AEDPA's enactment on April 24, 1996, his deadline to file a habeas petition under AEDPA was April 23, 1997."); Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) ("Accordingly, a prisoner with a state conviction finalized before April 24, 1996, such as Miles, had until April 23, 1997 to file a federal habeas petition.")

With respect to statutory tolling under 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during

1   one full round of review in the state courts, including the time between a lower court decision and

2   the filing of a new petition in a higher court, as long as the intervals between the filing of those

3   petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

4          In addition to statutory tolling under § 2244(d)(2), the Supreme Court has also confirmed

5   that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases."

6   Holland v. Florida, 530 U.S. 631, 645 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th

7   Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir.), cert. denied __ U.S. __, 131 S. Ct.

8   3039 (2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[1]  "[A] 'petitioner' is 'entitled

9   to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and

10  (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

11  Holland, 530 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  See also

12  Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515

13  F.3d 1051, 1055 (9th Cir. 2008) ("We have stated that the purpose of the equitable tolling

14  doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good

15  faith litigant from having a day in court . . . .  Equitable tolling is typically granted when litigants

16  are unable to file timely petitions as a result of external circumstances beyond their direct

17  control.") (internal quotation marks and citations omitted).  Thus, equitable tolling is appropriate

18  only when external forces, rather than a lack of diligence, account for the failure to file a timely

19  petition.  Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Waldron-Ramsey, 556 F.3d

20  at 1011 ("[A]n external force must cause the untimeliness, rather than . . . merely oversight,

21  miscalculation or negligence on the petitioner's part, all of which would preclude the application

22  of equitable tolling."); Miles, 187 F.3d at 1107.

23          Courts are expected to "take seriously Congress's desire to accelerate the federal habeas

24  process."  Calderon, 128 F.3d at 1289, overruled in part on other grounds by Calderon v. United

25  States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).  See also Corjasso v. Ayers, 278 F.3d

26  874, 877 (9th Cir.2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the

27

28  [1]  The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron–Ramsey, 556 F.3d at 1011 n. 2.

1  application of equitable tolling). To this end, "the circumstances of a case must be

2  'extraordinary' before equitable tolling can be applied[.]" Holland, 560 U.S. at 652. Whether a

3  party is entitled to equitable tolling "turns on the facts and circumstances of a particular case."

4  Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710,

5  713 (5th Cir. 1999)). See also Holland, 560 U.S. at 654 (leaving "to the Court of Appeals to

6  determine whether the facts in this record entitle Holland to equitable tolling, or whether further

7  proceedings, including an evidentiary hearing, might indicate that respondent should prevail");

8  Doe, 661 F.3d at 1012 ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will

9  depend on a fact specific inquiry by the habeas court which may be guided by 'decisions made in

10  other similar cases.' ") (citing Holland, 560 U.S. at 650).

11        Finally, in McQuiggin v. Perkins, ___U.S. __, 133 S. Ct. 1924 (2013), the Supreme Court

12  held that the "actual innocence" exception applies to the AEDPA's statute of limitations. See

13  also Lee v. Lampert, 653 F.3d 929, 932 (9th Cir.2011) ("We hold that a credible claim of actual

14  innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who

15  makes such a showing may pass through the Schlup gateway and have his otherwise time-barred

16  claims heard on the merits.") (en banc). The Supreme Court concluded in McQuiggin that a

17  federal habeas petitioner can use actual innocence to avoid a procedural bar, such as the statute of

18  limitations, if "he persuades the district court that, in light of the new evidence, no juror, acting

19  reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S. Ct. at 1928

20  (citing Schlup v. Delo, 513 U.S. 298, 329 (1995) and House v. Bell, 547 U.S. 518, 538 (2006)).

21  To obtain habeas relief, however, evidence of innocence must be "so strong that a court cannot

22  have confidence in the outcome of the trial unless the court is also satisfied that the trial was free

23  of nonharmless constitutional error." Schlup, 513 U.S. at 316.[2] The holding in Schlup

24  additionally requires a petitioner "to support his allegations of constitutional error with new

25  reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness

26

27  [2] Although a claim of actual innocence may be presented despite the fact that petitioner entered a
plea of guilty, "[i]t is important to note in this regard that 'actual innocence' means factual

28  innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

accounts, or critical physical evidence — that was not presented at trial."  Lee, 653 F.3d at 937–38.  In light of the "extremely rare" and "narrow class of cases" in which an actual innocence claim will measure up under these exacting standards, the Ninth Circuit has also recognized that an equitable exception to the AEDPA statute of limitations allows them to be considered, observing:

> Given that the exception is confined to these extraordinary cases, there is little danger of it swallowing the rule.  The exacting requirements we have imposed for the application of equitable tolling remain intact and are not in conflict with an actual innocence exception.

Lee, 653 F.3d at 937.

III.  Analysis

A.  Does petitioner's fourth claim state a basis for federal habeas relief?

As noted above, respondent moves to dismiss petitioner's fourth claim for failure to state a cognizable claim for federal habeas relief.  In that fourth claim, petitioner argues that the Sacramento County Superior Court erred in denying his habeas petition by its order of February 18, 2014.  Therein the court denied the petition before it:  (i) as untimely; (ii) because the claimed jury instruction error should have been raised on direct appeal; and (iii) due to petitioner's failure to demonstrate they he received inadequate assistance by either his trial or appellate counsel.  (ECF No. 1 at 28-31.)

Respondent contends that petitioner's claim based upon alleged error by the Sacramento County Superior Court in denying him habeas relief "is not a cognizable question for this Court because it is an attack on how his state habeas proceeding was conducted, not on the proceeding that resulted in custody itself."  (ECF No. 12 at 5.)

In his opposition to the pending motion to dismiss, petitioner responds that he "made ground four an argument against the Superior Court [d]enial because the denial was a[n] unreasonable application of the facts and clearly established Supreme Court law" (ECF No. 14 at 2), an apparent reference to the standard articulated in 28 U.S.C. § 2254(d) governing the granting of federal habeas relief for state prisoners.

/////

7

1    The undersigned finds respondent's argument on this point to be persuasive.  A federal

2    court may issue a writ of habeas corpus to a state prisoner if "[h]e is in custody in violation of the

3    Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3), 2254(a).  It is

4    well-established that "a petition alleging errors in the state post-conviction review process is not

5    addressable through habeas corpus proceedings."  Franzen v. Brinkman, 877 F.2d 26 (9th

6    Cir.1989).  Accord Ortiz v. Stewart, 149 F.3d 923 (9th Cir. 1998) ("[T]his court has specifically

7    stated that federal habeas relief is not available to redress alleged procedural errors in state post-

8    conviction proceedings."); Moore v. Gonzalez, 208 F.3d 221, 221 (9th Cir. 2000) ("[A]lleged

9    errors in the state post-conviction review process are not addressable through federal habeas

10   proceedings."); see also Silversky v. Frink, 500 Fed. Appx. 625, 626 (9th Cir. 2012) ("A federal

11   habeas petition is not the proper vehicle for addressing the adequacy of process provided to

12   [petitioner] in state post-conviction proceedings.")[3]

13   Because decisions made by state courts during the post-conviction review process are not

14   properly the subject of federal review, this court cannot grant petitioner habeas relief based on

15   alleged errors made by the Sacramento County Superior Court in its February 18, 2014 denial of

16   petitioner's state habeas petition.

17   Respondent's motion to dismiss petitioner's fourth claim should therefore be granted.

18   B.  Are petitioner's remaining claims barred by the AEDPA statute of limitations?

19   Respondent has also moved to dismiss the pending petition, contending that it is barred by

20   the AEDPA's one-year statute of limitations.  According to respondent, the one-year limitations

21   period for petitioner to seek federal habeas relief began running on "the date on which the

22   judgment became final by the conclusion of direct review or the expiration of the time for seeking

23   such review."  28 U.S.C. 2244(d)(1)(A).  Respondent characterizes this date as November 12,

24   2003, reasoning as follows.  On August 15, 2002, the California Supreme Court denied

25   petitioner's petition for review on direct appeal.  (Lod. Doc. 4.)  Petitioner then had ninety days,

26   or until November 12, 2002, to file a petition for writ of certiorari with the U.S. Supreme Court.

27   

28   [3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

8

1   See Sup. Ct. R. 13.  Because petitioner did not file a petition for writ of certiorari, AEDPA 's one-

2   year statute of limitations began to run on November 13, 2002 and expired on November 12,

3   2003.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year

4   limitations period begins to run on the date "when the period within which the prisoner can

5   petition for a writ of certiorari from the United States Supreme Court expires[.]").  Under

6   respondent's theory, petitioner therefore had only until November 12, 2003, to file his petition for

7   federal habeas relief.  Yet, as noted by respondent, petitioner did not file his petition in this action

8   until almost eleven years later, on August 27, 2014.

9          1.  Did the statute of limitations begin to run later than November 12, 2003?

10       Petitioner disagrees that his present petition is time-barred.  Petitioner's claim for relief is

11  essentially based upon his allegation that the jury at his trial was improperly instructed as to the

12  elements of the charged offense, in violation of his right to due process.  Petitioner contends that

13  the state trial court instructed the jury regarding the crime of voluntary manslaughter (which

14  requires as an element that a human being have been killed), rather than attempted voluntary

15  manslaughter.  According to petitioner, his jury was also instructed that "each of the . . . elements

16  [of the crime] must be proved . . . " and was further instructed to "[d]isregard any instruction

17  which applies to facts determined by you not to exist."  ((ECF No. 1 at 36 & 39.)   Petitioner

18  contends that, because it was not shown at trial that petitioner killed anyone, the jury could not

19  find him guilty of the lesser included offense of attempted voluntary manslaughter based on the

20  instructions given.  Petitioner contends that the erroneous jury instruction therefore essentially

21  guaranteed his conviction for attempted murder.

22       Federal habeas relief may be obtained based on the issuance of an erroneous jury

23  instruction only if "the ailing instruction by itself so infected the entire trial that the resulting

24  conviction violates due process."  Cupp v. Naughten, 414 U.S. 141, 147 (1973).  "It is well

25  established that the instruction 'may not be judged in artificial isolation,' but must be considered

26  in the context of the instructions as a whole and the trial record."  Estelle v. McGuire, 502 U.S.

27  62, 72 (1991) (quoting Cupp, 414 U.S. at 147).  Federal habeas courts are additionally required to

28  "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged

1   instruction in a way' that violates the Constitution." Id. (quoting Boyde v. California, 494 U.S.

2   370, 380 (1990)). Accord Middleton v. McNeil, 541 U.S. 433, 437 (2004); Waddington v.

3   Sarausad, 555 U.S. 179, 190 (2009).

4       Petitioner's first claim for habeas relief is based on the alleged error in the jury

5   instruction. (ECF No. 1 at 5, 17-18.)  The alleged jury instruction error indirectly provides the

6   basis for petitioner's second claim, that his trial counsel was ineffective in failing to object to the

7   jury instructions (id. at 7, 19-20) and his third claim, that his appellate counsel was ineffective for

8   failing to raise the jury instruction error on appeal (id. at 8, 21-22).

9       Petitioner claims that he did not learn of the erroneous jury instruction given at his trial

10  until he was alerted of the possibility by a letter from his uncle, Louie Moreno, which was mailed

11  to petitioner in July 2013.  (Id. at 23.)  According to Mr. Moreno's declaration, attached as an

12  exhibit to the pending habeas petition, Mr. Moreno himself obtained habeas relief based on the

13  issuance of an erroneous jury instruction in his criminal trial, and thereby had his sentence

14  reduced from 56-years-to-life to 40 years in prison.  (Id. at 43.)  In the letter he wrote petitioner,

15  Mr. Moreno "suggested that he [petitioner] review his own case and see if there was not some

16  similar error he could use to likewise reduce his sentence."  (Id.)  Petitioner contends that he

17  could not have discovered the jury instruction error earlier because, at the time of his conviction

18  as well as at the beginning of his appeal process, he was a minor, had not graduated from high

19  school, and read at only an eighth grade level.  (Id. at 24, 40-41; Opposition, ECF No. 14 at 3-4.)

20      The question then is whether petitioner is entitled to a delayed commencement of the

21  AEDPA statute of limitations, rather than November 12, 2003, under the provision which allows

22  the limitation period to run from "the date on which the factual predicate of the claim or claims

23  presented could have been discovered through the exercise of due diligence."  28 U.S.C.

24  § 2244(d)(1)(D).  The undersigned concludes that under the circumstances of this case, petitioner

25  is not entitled to a delayed commencement of the statute of limitations.

26      The one-year limitations period begins to run "when the prisoner knows (or through

27  diligence could discover) the important facts, not when the prisoner recognizes their legal

28  significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (quoting Owens v.

1   <u>Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000)) (holding that the "due diligence clock" began ticking

2   when the petitioner learned facts that supported a good faith basis for arguing prejudice arising

3   from ineffective assistance of counsel, whether or not the prisoner understood the legal

4   significance of the facts known to him).  The Ninth Circuit has instructed that the appropriate

5   triggering date for the AEDPA statute of limitations must be considered for each claim

6   individually.  <u>Mardesich v. Cate</u>, 668 F.3d 1164, 1171 (9th Cir. 2012).

7          The factual predicate for petitioner's jury instruction error claim, as well as for his

8   ineffective assistance of trial counsel claim based on a failure to object to the allegedly erroneous

9   jury instruction, arose at the same time - when petitioner was convicted allegedly as a result of the

10  jury instruction error.  The existence of error was then either known to petitioner and to trial

11  counsel through their presence in the courtroom when the instruction is given, or through

12  diligence, knowable via examination of the transcript of the trial proceedings.  In either case, the

13  resulting prejudice is the fact of the petitioner's conviction as a result of the erroneous instruction.

14  At that point, "a petitioner has discovered (or with the exercise of due diligence could have

15  discovered) facts suggesting both unreasonable performance *and* resulting prejudice."  <u>Hasan</u>,

16  254 F.3d at 1154 (emphasis in original).  Again, that a petitioner is unaware of the legal

17  significance of the erroneous jury instruction is immaterial.  <u>Id.</u> at 1154 n. 3.  Accordingly,

18  petitioner is not entitled to a delayed commencement of the AEDPA statute of limitations as to

19  his jury instruction error claim.

20         As for petitioner's ineffective assistance of appellate counsel claim, that claim would

21  appear to have arisen on August 15, 2002, the date on which California Supreme Court denied

22  review on direct appeal.  (See Lod. Doc. 4.)  By that date, both the existence of the error -

23  appellate counsel's failure to appeal the erroneous jury instruction - and the resulting prejudice -

24  the affirmance of the petitioner's conviction and sentence - could have been discovered through

25  the exercise of due diligence.  <u>Hasan</u>, 254 F.3d at 1154.  Because courts are instructed to use the

26  latest of the dates available under 28 U.S.C. § 2244(d)(1), November 13, 2002 is the date on

27  which the one-year statute of limitations for petitioner to seek federal habeas relief began to run.

28  /////

2.  Is petitioner entitled to statutory tolling?

Statutory tolling of the limitations period is available under AEDPA under 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." Id.  Here, petitioner did not file his first state habeas petition until August 10, 2004 (Lod. Doc. No. 5), almost nine months after the statute of limitations for seeking federal habeas relief had already expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.")  Accordingly, statutory tolling cannot save the pending petition from being time barred.

3.  Is petitioner entitled to equitable tolling?

The final question is whether petitioner can avail himself of equitable tolling.  "[A] 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland, 530 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, petitioner has demonstrated no extraordinary circumstance that stood in his way and prevented the timely filing of his federal petition.  The undersigned has discovered no case holding that the AEDPA statute of limitations is equitably tolled during the period while a petitioner is a minor.  Most courts to be confronted with the issue have concluded that, even if the statute of limitations were to be tolled during a petitioner's minority, the petitioner's subsequent failure to file a federal petition within one year of reaching majority ultimate renders the federal habeas petition time-barred.  See, e.g., Roy v. Phelps, No. 09–654–LPS, 2011 WL 1302935 (D. Del. Apr. 1, 2011) ("[E]ven if the Court were to assume, arguendo, that AEDPA's one-year period could be tolled during Petitioner's status as a juvenile, such tolling would not render the instant Petition timely filed."); Hamilton v. Gonzalez, No. C 09-1494 SI (pr), 2009 WL 3517612 (N.D. Cal. Oct. 26, 2009) ("Any tolling would have ended when he reached the age of majority (or one year thereafter) about nine (or eight) years before his federal petition was filed and would

12

1   not have tolled the limitations period for a long enough period of time to make his petition

2   timely."); Rowe v. Quarterman. No. 3:07-CV-1963-P, 2008 WL 3850937 (N.D. Tex. Aug. 18,

3   2008) ("Even if the court were to toll this period of time, the one-year period would have expired

4   on August 14, 2002 — one year after petitioner's twenty-first birthday . . . and more than five

5   months before he filed his state habeas application.").  The situation is similar in this case.  The

6   California Court of Appeals opinion affirming petitioner's judgment of conviction on direct

7   appeal begins with the sentence, "On August 21, 2000, less than three weeks after his 16th

8   birthday, defendant Robert Castaneda nearly succeeded in murdering J .M. with a gun."  People

9   v. Castaneda, No. C038390, 2002 WL 1062254, at *1 (Cal. Ct. App. 3 Dist. May 28, 2002).

10  Based on this statement, it appears that petitioner was born in early August 1984.  Petitioner did

11  not file his initial petition for federal habeas relief until August 27, 2014, when he was thirty

12  years of age.  Accordingly, even if the court were to equitably toll the AEDPA statute of

13  limitations until petitioner reached the age of 21, in August 2005, and then grant him an

14  additional year thereafter to seek federal habeas relief, the pending petition would still have been

15  filed more than nine years past the filing deadline.  In other words, equitable tolling on the basis

16  of petitioner's minority would not save his claims presented in these proceedings from being time

17  barred.

18          Petitioner also seeks equitable tolling because of his lack of education.  Petitioner asserts

19  that, at the time of his conviction, he had not graduated from high school and read at an 8th grade

20  level.  Courts to consider the question have held that a lack of education is not, taken alone, an

21  "extraordinary circumstance" warranting equitable tolling.  See, e.g., Raspberry v. Garcia, 448

22  F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by

23  itself, an extraordinary circumstance warranting equitable tolling."); see also Baker v. Cal. Dep't

24  of Corr., 484 Fed. Appx. 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge,

25  and need for some assistance . . . are not extraordinary circumstances to warrant equitable

26  tolling[.]"); Davis v. Farwell, 253 Fed. Appx. 631, 632 (9th Cir. 2007)[4] ("[B]elow-average

27  _____

28  [4]  See fn. 3, above.

1   intelligence . . . do[es] not qualify as the type of 'extraordinary circumstance[s]' needed to justify

2   equitable tolling") , cert. denied 552 U.S. 1286 (2008); Herrera v. Butler, 2004 WL 1729927 at

3   *2 (N.D. Cal. 2004), aff'd, 184 Fed. Appx. 648 (9th Cir. 2006) ("[P]etitioner's pro se status and

4   ignorance of the law are not extraordinary circumstances warranting equitable tolling either.").

5   Moreover, petitioner's filings in this action, in comparison to those of most pro se prisoner

6   litigants, reasonably clear and well-organized.  In light of the cited precedents and petitioner's

7   demonstrated capabilities, the court does not find that petitioner's limited education is sufficient

8   to warrant equitable tolling in this case.

9        Petitioner also asserts that he is entitled to equitable tolling because he could not discover

10  that he had a claim until his uncle wrote him a letter in 2013.  The Ninth Circuit has made clear

11  that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's

12  control make it *impossible* to file a petition on time and the extraordinary circumstances were the

13  *cause* of [the prisoner's] untimeliness." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010)

14  (emphasis in original) (internal quotations omitted).  The manner in which petitioner belatedly

15  learned of his potential claim for federal habeas relief does not in any way demonstrate

16  "extraordinary circumstances beyond [petitioner's] control" which both made it impossible for

17  him to file a timely claim and caused his untimely filing.  As discussed above, AEDPA's one-

18  year limitations period begins to run "when the prisoner knows (or through diligence could

19  discover) the important facts, not when the prisoner recognizes their legal significance." Hasan,

20  254 F.3d at 1154 n. 3.  See also Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The

21  'due diligence' clock starts ticking when a person knows or through diligence could discover the

22  vital facts, regardless of when their legal significance is actually discovered.").

23       Finally, petitioner cannot point to his appellate counsel's alleged errors as the source of

24  his untimely filing of his application for federal habeas relief.  Negligence alone is not grounds

25  for equitable tolling.  "[Attorney] negligence in general do[es] not constitute extraordinary

26  circumstances sufficient to warrant equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1146

27  (9th Cir. 2001).  More importantly, the fact that petitioner's appellate counsel failed to identify a

28  potential issue on appeal did not *cause* petitioner's years-long delay in filing a federal habeas

1    petition.  By contrast, in <u>Spitsyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003), the Ninth Circuit held

2    that equitable tolling was warranted where the petitioner's habeas counsel was hired nearly a year

3    in advance of the federal habeas filing deadline, but failed to file a petition despite numerous

4    attempts by petitioner and petitioner's mother to contact him, and then ignored a request to return

5    petitioner's file till nearly two months after the filing deadline had passed.  <u>Id.</u> at 801.  Recently,

6    the Ninth Circuit similarly found equitable tolling warranted where a petitioner's appointed

7    habeas counsel essentially abandoned her case and took affirmative steps to prevent petitioner

8    from contacting him, such as blocking collect calls on his office phone.  <u>Rudin v. Myles</u>, 781 F.3d

9    1043, 1056 (9th Cir. 2015).  No such extraordinary circumstances are present here demonstrating

10   that petitioner's appellate counsel was responsible for petitioner's delay in filing a federal habeas

11   petition.  Equitable tolling on this basis is therefore unwarranted.

12         Based upon the record presented, it appears that the instant petition is time-barred.

13   IV.  <u>Conclusion</u>

14         For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

15         1.   Respondent's motion to dismiss (ECF No. 12) be granted; and

16         2.   This action be dismissed.

17         These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22   objections shall be filed and served within fourteen days after service of the objections.  The

23   parties are advised that failure to file objections within the specified time may waive the right to

24   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25         Should petitioner file objections, he may address whether a certificate of appealability

26   should issue in the event petitioner files an appeal of the judgment in this case.  <u>See</u> Rule 11,

27   Federal Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of

28   appealability when it enters a final order adverse to the applicant").  A certificate of appealability

1   may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the

2   denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

3   Dated:  June 9, 2015

4

5                                                          DALE A. DROZD

6                                                          UNITED STATES MAGISTRATE JUDGE

7

8   DAD:10
    cast2014.mtd.sol
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28